UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VALENTINA SERRA,

    Plaintiff,

v.

                                       Case No. 13-11814

                                       Hon. John Corbett O'Meara

MARY JANE ELLIOTT, P.C.,

    Defendant.

_____/

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the court are the parties' cross-motions for summary judgment. Pursuant to L.R. 7.1(f)(2), the court did not hear oral argument.

**BACKGROUND FACTS**

Plaintiff Valentina Serra alleges that Defendant Mary Jane Elliott, P.C., violated the Fair Debt Collection Practices Act and the Michigan Collection Practices Act. Plaintiff contends that Defendant repeatedly phoned her in an attempt to collect debts that did not belong to her. Specifically, Plaintiff alleges that Defendant called her on the following dates: January 19, 2012; December 11, 2012; December 27, 2012; January 4, 2013; February 19, 2013; March 26, 2013; and March 27, 2013.

Although Defendant does not have a record of a call made on January 19, 2012, Plaintiff claims that Defendant called and attempted to verify her identity. Defendant provided Plaintiff with the last four digits of the debtor's social security number and Plaintiff stated that they did not match her social security number. Defendant apologized and said that it would take her off its list.

The next conversation between the parties was on December 11, 2012. Plaintiff again told Defendant that the debtor's social security number did not match hers. Defendant noted this information in its file, but apparently used an incorrect code, mistakenly coding the social security number as "verified." According to Plaintiff, Defendant apologized and stated that it would not call again.

Defendant called Plaintiff again on December 27, 2012. This time the call was recorded by Defendant. Plaintiff again told Defendant that the debtor's social security number did not match hers. Defendant's representative told Plaintiff "Actually, it was noted that it was a match." Then Defendant asked Plaintiff for the last four digits of her social security number, which Plaintiff refused to provide. Plaintiff stated that previous callers had given her the last four digits of the debtor's social security number, and that it did not match hers. Defendant's representative stated:

> MJE:  I have it noted here that the social verify was a match so I mean I can only go with on what's left on the note.  So if you'd like to send a letter that is fine.  I'll give you the address but I can't remove you noted as, if it's, if it's simply oh, same name, different social, I'd need to verify that.  If you don't want to verify that it's fine. Free will.  But collection efforts will continue under your name.
> VS:   Ok well that's fine.
> MJE:  Ok or if you have a good day.
> VS:   Thank you, you too.

Def.'s Ex. G.  Plaintiff contends that Defendant attempted to call her four more times, although it appears that Plaintiff did not answer.  Plaintiff then filed this action on April 23, 2013.

## LAW AND ANALYSIS

### I.     Summary Judgment Standard

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  When reviewing a motion for summary judgment, the facts and any reasonable inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The party opposing summary judgment, however, must present more than a "mere scintilla" of evidence; the evidence must be such that a reasonable jury could find in favor of the plaintiff. Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

## II.     Fair Debt Collection Practices Act

Plaintiff alleges that Defendant violated 15 U.S.C. § 1692d(5) and 15 U.S.C. § 1692e(2)(A).[1]  Section 1692d provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>     * * *
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U. S. C. § 1692d.  "Intent to annoy, abuse, or harass may be inferred from the frequency of phone calls, the substance of the phone calls, or the place to which phone calls are made."  Kerwin v. Remittance Assistance Corp., 559 F. Supp. 2d 117, 1124 (D. Nev. 2008). See also Pugliese v. Professional Recovery Serv., Inc., 2010 WL 2632562 at *9 (E.D. Mich. June 29, 2010) ("To determine whether Defendant's calls amount to harassment, annoyance or abuse, the volume of calls must be examined along with the pattern in which they were made and whether or

---

[1] Plaintiff has abandoned her claim under 15 U.S.C. § 1692f(1).

not they were accompanied by oppressive conduct.").

In light of all of the circumstances, Plaintiff has not met her burden of showing that Defendant violated 15 U.S. C. § 1692d(5).  See Kerwin, 559 F. Supp. 2d at 1124 (noting that the plaintiff carries the burden of showing a § 1692d(5) violation); Pugliese, 2010 WL 2632562 at *9 (same).  Plaintiff alleges that Defendant called her a total of seven times, six of which occurred during a four-month period.  In itself, this volume of calls does not suggest an intent to harass Plaintiff.  See Newton v. Portfolio Recovery Assoc., 2014 WL 340414 (S.D. Ohio Jan. 30, 2014) (finding eighteen calls over a four-month period insufficient to demonstrate an intent to harass where there was "no evidence that the calls were made at an inconvenient time or place, that they were made after Plaintiff repeatedly requested that they stop, or that they were made after Plaintiff informed Defendant that he was represented by counsel or a debt management company"); Pugliese, 2010 WL 2632562 at *9 (finding 350 calls over an eight-month period not to be a violation of § 1692d(5)); Udell v. Kansas Counselors, Inc., 313 F. Supp.2d 1135, 1143-44 (D. Kan. 2004) (finding that placing four phone calls in seven days without leaving a message "does not fall within the realm of the other types of egregious conduct specifically prohibited by § 1692d").  Cf. Meadows v. Franklin Collection Serv., 414 Fed. Appx. 230 (11th Cir. 2011) (finding issue of

fact as to whether 350 calls over two and a half years after the plaintiff told defendant she was not the debtor was a violation of § 1692d(5)).  In addition, there is no evidence that Defendant was rude or abusive in its contacts with Plaintiff, nor is there other circumstantial evidence suggesting an intent to harass.  Accordingly, the court will dismiss Plaintiff's claim pursuant to § 1692d(5).

Plaintiff also presents a claim under 15 U.S.C. § 1692e(2)(A), which prohibits false or misleading statements by a debt collector regarding the character of a debt.  Defendant objects to this claim, because Plaintiff did not plead that Defendant made false statements in her complaint and did not disclose this claim during discovery.  See Def.'s Resp. at 7-8, and Ex. A to Resp. at 2.  Indeed, Plaintiff has raised this claim for the first time in her motion for summary judgment.  Plaintiff's complaint does not mention any allegedly false statements that would give Defendant fair notice that she intended to pursue this claim.  In her interrogatory responses, she specifically relied upon 15 U.S.C. § 1692d(5) and (f)(1), and did not cite § 1692e.  The proper procedure for Plaintiff to raise this claim was to request leave to amend her complaint, not to raise the claim for the first time in a motion for summary judgment or a summary judgment response brief.  See Tucker v. Union of Needletrades, 407 F.3d 784, 788 (6th Cir. 2005); Midland Funding LLC v. Brent, 644 F. Supp.2d 961, 974-75 (N.D. Ohio 2009);

see also Carter v. Ford Motor Co., 561 F.3d 562 (6th Cir. 2009) (finding plaintiff's claim limited to theories relied upon during discovery).  Accordingly, the court will not consider Plaintiff's claim pursuant to § 1692e(2)(A).

### III.  Michigan Collection Practices Act

Because the court has dismissed Plaintiff's federal claims, which served as the basis for the court's jurisdiction, it will decline to exercise supplemental jurisdiction over Plaintiff's Michigan Collection Practices Act claim. See Williams v. City of River Rouge, 909 F.2d 151, 157 (6th Cir. 1990) ("Where an action in federal court includes both federal and pendent state claims and the court dismisses the federal claims before trial on a motion for summary judgment, the pendent state claims are ordinarily dismissed as well.").  Plaintiff's MCPA claim will be dismissed without prejudice.

### ORDER

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is GRANTED, consistent with this opinion and order.

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment is DENIED.

                                            s/John Corbett O'Meara
                                            United States District Judge

Date:  April 22, 2014

   I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, April 22, 2014, using the ECF system.

             <u>s/William Barkholz</u>
             Case Manager